IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| ALVIN BRUCE PERKINS, | : |
| Plaintiff, | : |
| VS. | : |
| | :   1 : 12-CV-172 (WLS) |
| BILLY BROWN, | : |
| Defendant. | : |

## ORDER and RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. ▪ 1983 are the Plaintiff's Motion for Appointment of Counsel and Motion for Entry of Default. (Docs. 11, 12). The Plaintiff filed this action in November 2012, raising allegations regarding the conditions of his confinement. (Doc. 1).

*Motion for Appointment of Counsel*

Plaintiff has filed a Motion for Appointment of Counsel, his second such motion filed herein. (Docs. 11, 3). Generally speaking, no right to counsel exists in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Mekdeci v. Merrel Nat'l. Lab.*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the Court typically considers, among other factors, the merits of the Plaintiff's claim and the complexity of the issues presented. *See*

*Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).  Applying the standards set forth in *Holt*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the Plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the Plaintiff.  The Court on its own motion will consider assisting Plaintiff in securing legal counsel if and when it becomes apparent that legal assistance is required.  Accordingly, Plaintiff's Motion for Appointment of Counsel is **DENIED.**

*Motion for Entry of Default*

Plaintiff has also filed a Motion for Entry of Default against the Defendant, asserting that the Defendant has failed to timely respond to Plaintiff's Complaint.  Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

The entry of default or default judgment is not appropriate herein, as the Defendant filed a timely Answer to the Plaintiff's Complaint.  By Order dated November 15, 2012, Plaintiff was granted leave to proceed *in forma pauperis* and the Court directed that his Complaint be served on the Defendant.  (Doc. 6).  Process receipt and return forms were first issued the following day, but personal service was not perfected on the Defendant until April 12, 2013, at the earliest. (Docs. 7, 8, 15, 16).  The Defendant filed his Answer on April 19, 2013, well within the time prescribed for serving a responsive pleading, and has also raised service defenses therein.  (Doc. 17); *see* Fed. R. Civ. P. 12(a).  The Court notes that as Plaintiff is proceeding herein *in forma pauperis,* the officers of the Court must "issue and serve all process."  28 U.S.C. § 1915(d).

"[T]he failure of the United States Marshal to effectuate service on behalf of an *in forma pauperis* plaintiff through no fault of that plaintiff constitutes 'good cause' for the plaintiff's failure to effect timely service within the meaning of Rule 4(m)." *Rance v. Rocksolid Granit USA, Inc.*, 583 F.3d 1284, 1288 (11th Cir. 2009).

Accordingly, it is the recommendation of the undersigned that Plaintiff's Motion for Entry of Default (Doc. 12) be **DENIED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO ORDERED and RECOMMENDED**, this 7th day of June, 2013.

> s/  *THOMAS Q. LANGSTAFF*
>
> **UNITED STATES MAGISTRATE JUDGE**

asb