IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| ALVIN BRUCE PERKINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| VS. | : | |
| | : | 1 : 12-CV-172 (WLS) |
| BILLY BROWN, | : | |
| | : | |
| Defendant. | : | |

**RECOMMENDATION**

The Plaintiff filed this action in November 2012, raising allegations of Defendant's deliberate indifference to a substantial risk of serious harm to the Plaintiff while Plaintiff was on an inmate work detail. (Doc. 1). Since sending a letter to the Clerk of Court on March 12, 2013, the Plaintiff has taken no action in this matter and has had no contact with the Court. (Doc. 13). Copies of the Court's last Report and Recommendation and two (2) Orders in this matter were mailed to the Plaintiff at his last known address on June 7, 2013, June 17, 2013, and July 12, 2013 respectively, and these service copies were returned to the Clerk of Court as undeliverable, one with a notation that Plaintiff was "released" and one with the notation that Plaintiff was "not here". (Docs. 25, 26, 28).

The Defendant filed a Motion to Compel Discovery and for Sanctions on October 10, 2013, wherein he states that he propounded discovery requests to the Plaintiff on April 23, 2013, and wrote to the Plaintiff requesting a response to this discovery on June 10, 2013. (Doc. 29). The Plaintiff failed to respond to either the discovery requests or the request for a response. On June 21, 2013, the June 10, 2013 letter was returned to defense counsel as undeliverable, bearing the notation "released". *Id.*

By Order dated October 22, 2013, the Court granted Defendant's Motion to Compel and directed Plaintiff to respond to the Defendant's April 23, 2013 discovery requests, and to show cause why his case should not be dismissed for failure to prosecute. (Doc. 30). Plaintiff was required to respond to the Defendant's April 23, 2013 discovery requests by serving defense counsel, and filing his responses with the Court, within twenty-one (21) days of the October 22, 2013 Order. *Id.* Plaintiff has not responded to the Court's directives, and the Plaintiff's service copy of the October 22, 2013 Order has been returned to the Court, marked "unable to forward". (Doc. 31).

The Plaintiff has failed to diligently prosecute this action, inasmuch as he has failed to take any action on his Complaint since March 12, 2013 and has failed to keep the Court informed as to his current address. Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempt from this requirement of diligent prosecution. *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989). The Court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this entire action reveals a clear record of delay or willful contempt on the part of the Plaintiff. Over eight months have passed since the Plaintiff's last direct contact with the Court. Additionally, Plaintiff has failed to respond to the Court's Order dated October 22, 2013 directing a response to Defendant's discovery requests, and multiple returned mailings evidence Plaintiff's failure to keep the Court informed as to his current address. The Court finds that lesser sanctions will not

suffice. Inasmuch as the Plaintiff has failed to proceed in any substantive way with the litigation of this lawsuit in over eight months, has failed to respond to the Court's notification/show cause Order, and has failed to keep the Court and defense counsel informed as to his current address, it is the recommendation of the undersigned that this action be **DISMISSED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 14th day of November, 2013.

s/ ***THOMAS Q. LANGSTAFF***<br>UNITED STATES MAGISTRATE JUDGE

3